# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
Plaintiff, )
)
v. )
) Cr. ID. No. 1011012275
ANDRE MCDOUGAL, )
)
Defendant. )

Submitted: April 10, 2018
Decided: June 11, 2018

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## <u>ORDER</u>

This 11th day of June, 2018, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief, and the relevant proceedings below.

On March 28, 2017, by counsel, Defendant Andre McDougal filed a second amended motion for postconviction relief. The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on March 16, 2018. The

Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

"Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1]  On April 10, 2018, McDougal filed a document titled, "Letter of Review," *pro se*. Though procedurally deficient, the Court will treat the April 10 letter as an objection to the Commissioner's report for the purposes of this Order.[2]

The Commissioner's report examined three claims regarding the alleged ineffectiveness of trial counsel and denied each one.  The Court holds that the Commissioner's Report and Recommendations dated March 16, 2018 should be adopted for the reasons set forth therein.  The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[3]

McDougal's April 10 objection is also denied. McDougal's objection relates to two claims withdrawn by his counsel, independent of the three claims of trial ineffectiveness considered at length in the Commissioner's report.  The two withdrawn claims relate to misconduct at the Office of the Chief Medical Examiner ("OCME"). McDougal's counsel sought a new trial based on evidence of

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).
[2] *See Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982) ("[A] *pro se* pleading is judged by a 'less stringent standard' than a pleading or document filed by an attorney.").
[3] Super. Ct. Crim. R. 62(a)(4)(iv).

malfeasance at the OCME drug lab and, in the alternative, that McDougal's trial counsel was ineffective for failing to challenge the drug evidence. McDougal's post-conviction counsel requested that the drugs central to McDougal's case undergo independent testing and, on August 18, 2017, the Commissioner approved the request and ordered testing. As noted in the Commissioner's report, McDougal's counsel stated in the Reply to the State's Answer to the Second Amended Motion for Postconviction Relief that "[s]hould the tested sample come back positive as heroin, Claims I and II will be withdrawn." On January 24, 2018, the Commissioner received confirmation from an independent forensics lab that the substance in question was heroin.

McDougal's objection is that his counsel dropped the two OCME claims without his consent. The Court holds that McDougal was not prejudiced by this decision and that pursuing the claims would have been futile. When reviewing a case that may have been tainted by OCME's misconduct, the Court "must focus on the specific facts of each case, in light of the appropriate standard of review, to determine if a defendant was unjustly convicted."[4] The key fact in this case is that the substance McDougal was convicted of possessing and trafficking was indeed heroin. This fact precludes a finding of a "rational probability that [McDougal] was

---

[4] *Brown v. State*, 117 A.3d 568, 581 (Del. 2015).

3

convicted on false premises."[5]  There was no legal basis to continue pursuing the two OCME claims in light of the independent test result.

THEREFORE, after careful and *de novo* review of the record in this action, the Court hereby adopts the Commissioner's Report and Recommendation in its entirety.  Defendant's Motion for Postconviction Relief is hereby **DENIED**.

IT IS SO ORDERED.

The Honorable Mary M. Johnston

---

[5] *Id.*